Case: 3:06-cv-00462-bbc   Document #: 73   Filed: 12/29/06   Page 1 of 14

Document Number: 73  Case Number: 06-C-0462-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
12/29/2006 05:50:11 PM CST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICOH COMPANY, LTD.,<br><br>          Plaintiff,<br>v.<br><br>ASUSTEK COMPUTER INC.,<br>ASUS COMPUTER INTERNATIONAL,<br>QUANTA COMPUTER INC.,<br>QUANTA STORAGE INC.,<br>QUANTA COMPUTER USA, INC.,<br>and<br>NU TECHNOLOGY, INC.<br><br>          Defendants. | CIV. ACTION NO. 06-C-0462<br><br>DEMAND FOR JURY TRIAL |
| QUANTA STORAGE INC.,<br><br>          Third-Party Plaintiff,<br>v.<br><br>PHILIPS TAIWAN, LTD.,<br>BUSINESS LINE DATA, PHILIPS OPTICAL STORAGE,<br><br>          Third-Party Defendants. | |

AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE
RELIEF FOR PATENT INFRINGEMENT

Plaintiff, Ricoh Company, Ltd. ("Ricoh"), complains of defendants, ASUSTeK Computer Inc. ("ASUS"), ASUS Computer International ("ASUS International"), Quanta Computer Inc.

("Quanta"), Quanta Storage Inc. ("QSI"), Quanta Computer USA, Inc. ("Quanta USA"), and NU Technology, Inc. ("NUI") as follows, and demands a jury trial of all issues.

## THE PARTIES

1.   The plaintiff, Ricoh, is a Japanese corporation. Ricoh is the owner of record of the patents involved in this action. Ricoh designs, makes, and/or sells, among other things, optical storage products.

2.   Defendant ASUS is a Taiwanese corporation which has an office at 150 Li-Te Road, Peitou, Taipei 112, Taiwan, R.O.C. On information and belief, ASUS is a manufacturer and/or seller, among other things, of optical storage devices, and ships or causes them to be shipped to the United States.

3.   Defendant ASUS International is a California corporation which has an office at 44370 Nobel Drive, Fremont, CA 94538. On information and belief, ASUS International is a seller, among other things, of optical storage devices, and sells them within the United States. On information and belief, defendant ASUS wholly owns and controls defendant ASUS International and uses it as a conduit for the U.S. sale of products that ASUS manufactures. (Defendants ASUS and ASUS International are referred to hereinafter collectively as the "ASUS defendants.").

4.   Defendant Quanta is a Taiwanese corporation which has an office at No. 211 Wen Hwa 2nd Road, Kuei Shen Hsiang, Tao Yuan Shien, Taiwan, R.O.C. Ricoh believes that after reasonable opportunity for further investigation or discovery it will have evidentiary support that Quanta is a manufacturer and distributor, among other things, of computer equipment including optical storage devices, and sells them within the United States.

5.  Defendant QSI is a Taiwanese corporation which has an office at No. 188 Wen Hwa 2nd Road, Kuei Shen Hsiang, Tao Yuan Shien, Taiwan, R.O.C. QSI is a manufacturer and/or seller, among other things, of optical storage devices, and ships or causes them to be shipped to the United States. On information and belief, defendant Quanta partially owns and controls defendant QSI, directly or via intermediaries.

6.  Defendant Quanta USA is a California corporation which has an office at 45630 Northpore Loop, East Fremont, CA 94538. On information and belief, Quanta USA uses, repairs and/or reconstructs, among other things, optical storage devices, at its factories in California. On information and belief, Quanta wholly owns and controls defendant Quanta USA, directly or via intermediaries. Ricoh believes that after reasonable opportunity for further investigation or discovery it will have evidentiary support that Quanta USA is a manufacturer and distributor, among other things, of computer equipment, including optical storage devices, and sells them within the United States.

8.  Defendant NUI is a California corporation which has an office at 4044 Clipper Court, Fremont, CA 94538. On information and belief, NUI is a manufacturer and wholesaler, among other things, of optical storage devices, and sells them within the United States. On information and belief, New Universe Technology, Inc. wholly owns and controls NUI, directly or via intermediaries. On information and belief, defendant Quanta wholly owned and controlled defendant NUI, directly or via intermediaries, at least until March 2005. (Defendants Quanta, QSI, Quanta USA, and NUI are referred to hereinafter collectively as the "Quanta defendants.").

## JURISDICTION AND VENUE

9.  This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

10. The defendants knowingly and intentionally participated in a stream of commerce between Taiwan, China, and the United States, including a portion of such stream going from Taiwan or China to the Western District of Wisconsin, such stream of commerce including optical storage devices (hereinafter the "accused products") that are accused in this Complaint of infringing Ricoh's patents, as asserted in greater detail hereinafter. Defendants manufactured such devices or caused them to be manufactured and caused them to be shipped to the United States. Defendants imported such devices, or caused them to be imported, into the United States, and then sold and offered them for sale, or caused them to be sold and offered for sale, in the United States, including to customers in the Western District of Wisconsin, to the injury of the plaintiff, in this district, and in violation of the United States patent laws, as described in more detail hereinafter. Defendants did so through intermediaries that such defendants purposefully selected and via a distribution channel that such defendants intentionally established. In establishing this stream of commerce and distribution channel, the defendants acted in concert with distributors whom they selected, including retailers and other resellers of their products, who sold and delivered the accused products in this judicial district.

11. The defendants have obtained financial gain from their trafficking in the accused products. The defendants have sought and obtained a benefit from sales of such products in this district, and have sought and obtained the benefits of the protection of Wisconsin law. The

defendants reasonably anticipated that some of such products would end up in this district and be sold therein.

12. This Court has personal jurisdiction over the defendants. Venue is proper in this district.

### COUNT I – FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Infringement of U.S. Patent No. 5,063,552)

13. Ricoh realleges and incorporates by reference the allegations of paragraphs 1-12.

14. On November 5, 1991, the United States Patent and Trademark Office duly and legally issued to Ricoh U.S. Patent No. 5,063,552, titled "Optical disk apparatus with data transfer rate and rotational speed variable by annular zones." Ricoh has owned the patent at all times since then. The patented invention is directed to a system and a method for adjusting operation of an optical disk drive to permit recording and reproduction of information on annular tracks of an optical storage disk in a manner such that the respective linear speeds of recording or reproducing information are substantially constant within respective annular zones of the disc and the rotational speed of the disk varies accordingly.

15. The defendants have appropriated the invention and sell or offer for sale disk drives embodying it, including, without limitation, ASUS DRW-0804P Drives (by the ASUS defendants) and QSI SBW-242 Drives and QSI SDW-082 Drives (by the Quanta defendants). The defendants have been and still are infringing the foregoing patent by doing the following things, among others:

    (a)     making or causing to be made optical storage devices that embody the patented system and perform the patented method as part of their normal and intended operation, shipping such devices, or causing them to be shipped, to the United

States, and importing such devices, or causing them to be imported, into the United States, in violation of 35 U.S.C. § 271(a);

(b) offering to sell and selling such devices, or causing them to be offered for sale and sold, in the United States, including, without limitation, in this district, in violation of 35 U.S.C. § 271(a);

(c) contributing to infringement of the patent by selling such devices, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

(d) actively inducing infringement of the patented system and patented method by knowingly selling such devices, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

(e) aiding and abetting other persons to infringe and cause infringement of the patent.

16. Such infringement has injured and damaged Ricoh. Unless enjoined by this Court, the defendants will continue their infringement, irreparably injuring Ricoh.

17. Ricoh has demanded of the defendants that they pay it a royalty or else desist from their infringing use of the invention, but the defendants have failed and refused to do either.

**COUNT II – SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**(Infringement of U.S. Patent No. 6,172,955)**

18. Ricoh realleges and incorporates by reference the allegations of paragraphs 1-12.

19. On January 9, 2001, the United States Patent and Trademark Office duly and legally issued to Ricoh U.S. Patent No. 6,172,955, titled "Optical disc recording and reproducing

apparatus for performing a formatting process as a background process and a method for formatting an optical disc by a background process." Ricoh has owned the patent at all times since then. The patented invention is directed to a system and a method for adjusting operation of an optical disk drive to format an optical storage disc as a background process while still allowing a user immediate access to recording information on the disc or reproducing information from the disc.

20. The defendants have appropriated the invention and sell disk drives embodying it, including, without limitation, ASUS DRW-0804P Drives (by the ASUS defendants) and QSI SDW-082 Drives (by the Quanta defendants). The defendants have been and still are infringing the foregoing patent by doing the following things, among others:

(a) making or causing to be made optical storage devices that embody the patented system and perform the patented method as part of their normal and intended operation, shipping such devices, or causing them to be shipped, to the United States, and importing such devices, or causing them to be imported, into the United States, in violation of 35 U.S.C. § 271(a);

(b) offering to sell and selling such devices, or causing them to be offered for sale and sold, in the United States, including, without limitation, in this district, in violation of 35 U.S.C. § 271(a);

(c) contributing to infringement of the patent by selling such devices, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

(d) actively inducing infringement of the patented system and patented method by knowingly selling such devices, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

(e) aiding and abetting other persons to infringe and cause infringement of the patent.

21. Such infringement has injured and damaged Ricoh. Unless enjoined by this Court, the defendants will continue their infringement, irreparably injuring Ricoh.

22. Ricoh has demanded of the defendants that they pay it a royalty or else desist from their infringing use of the invention, but the defendants have failed and refused to do either.

### COUNT III – THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Infringement of U.S. Patent No. 6,631,109)

23. Ricoh realleges and incorporates by reference the allegations of paragraphs 1-12.

24. On October 7, 2003, the United States Patent and Trademark Office duly and legally issued to Ricoh U.S. Patent No. 6,631,109, titled "Optical recording method and apparatus, and optical storage medium." Ricoh has owned the patent at all times since then. The patented invention is directed to a system and a method for a high-speed write strategy when recording ("writing") information on an optical storage disc, the strategy being to utilize a predetermined combination of laser pulses, durations, and intensity levels such that it produces a desired quality of information recording and reproduction.

25. The defendants have appropriated the invention and sell optical disk drives embodying it, including, without limitation, ASUS DRW-0804P Drives and ASUS CRW-5232 Drives (by the ASUS defendants) and QSI SBW-242 Drives and QSI SDW-082 Drives (by the

Quanta defendants). The defendants have been and still are infringing the foregoing patent by doing the following things, among others:

 (a) making or causing to be made optical storage devices that embody the patented system and perform the patented method as part of their normal and intended operation, shipping such devices, or causing them to be shipped, to the United States, and importing such devices, or causing them to be imported, into the United States, in violation of 35 U.S.C. § 271(a);

 (b) offering to sell and selling such devices, or causing them to be offered for sale and sold, in the United States, including, without limitation, in this district, in violation of 35 U.S.C. § 271(a);

 (c) contributing to infringement of the patent by selling such devices, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

 (d) actively inducing infringement of the patented system and patented method by knowingly selling such devices, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

 (e) aiding and abetting other persons to infringe and cause infringement of the patent.

26. Such infringement has injured and damaged Ricoh. Unless enjoined by this Court, the defendants will continue their infringement, irreparably injuring Ricoh.

27.     Ricoh has demanded of the defendants that they pay it a royalty or else desist from their infringing use of the invention, but the defendants have failed and refused to do either.

**COUNT IV – FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**(Infringement of U.S. Patent No. 6,661,755)**

28.     Ricoh realleges and incorporates by reference the allegations of paragraphs 1-12.

29.     On December 9, 2003, the United States Patent and Trademark Office duly and legally issued to Ricoh U.S. Patent No. 6,661,755, titled "Optical disc apparatus." Ricoh has owned the patent at all times since then. The patented invention is directed to a method for adjusting operation of an optical disk drive to permit efficient recording on the disk.

30.     The defendants have appropriated the invention and sell disk drives embodying it, including, without limitation, ASUS DRW-0804P Drives and ASUS CRW-5232AS Drives (by the ASUS defendants) and QSI SBW-242 Drives and QSI SDW-082 Drives (by the Quanta defendants). The defendants have been and still are infringing the foregoing patent by doing the following things, among others:

(a)     making or causing to be made optical storage devices that perform the patented method as part of their normal and intended operation, shipping such devices, or causing them to be shipped, to the United States, and importing such devices, or causing them to be imported, into the United States, in violation of 35 U.S.C. § 271(a);

(b)     offering to sell and selling such devices, or causing them to be offered for sale and sold, in the United States, including, without limitation, in this district, in violation of 35 U.S.C. § 271(a);

(c)     contributing to infringement of the patent by selling such devices, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

(d)     actively inducing infringement of the patented method by knowingly selling such devices, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

(e)     aiding and abetting other persons to infringe and cause infringement of the patent.

31.     Such infringement has injured and damaged Ricoh. Unless enjoined by this Court, the defendants will continue their infringement, irreparably injuring Ricoh.

32.     Ricoh has demanded of the defendants that they pay it a royalty or else desist from their infringing use of the invention, but the defendants have failed and refused to do either.

## PRAYER FOR RELIEF

**WHEREFORE**, Ricoh prays that the Court enter judgment ordering as follows:

(a)     adjudicating and declaring that defendants have infringed, actively induced infringement of, and contributorily infringed the foregoing patents;

(b)     preliminarily and permanently enjoining the defendants from further infringement of the foregoing patents by unauthorized use of the inventions patented therein, by defendants and their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them;

(c) that defendants account, and pay actual damages (but no less than a reasonable royalty), to Ricoh for defendants' infringement of the foregoing patents;

(d) that defendants pay treble damages to Ricoh as provided by 35 U.S.C. § 284;

(e) that defendants pay Ricoh's costs, expenses and prejudgment interest as provided for by 35 U.S.C. § 284;

(f) adjudicating and declaring that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Ricoh should be awarded its reasonable attorneys fees; and

(g) granting Ricoh such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Kenneth B. Axe
(Wisconsin Bar No. 1004984)
LATHROP & CLARK LLP
740 Regent Street, Suite 400
P.O. Box 1507
Madison, WI 53701-1507
Tel: (608) 257-7766
Fax: (608) 257-1507

Mark C. Hansen, *pro hac vice*
Richard H. Stern, *pro hac vice*
J.C. Rozendaal, *pro hac vice*
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

Ivan Kavrukov, *pro hac vice*
COOPER & DUNHAM LLP
1185 Avenue of the Americas, 23rd Floor
New York, NY 10036
Tel: (212) 278-0400
Fax: (212) 391-0525

Attorneys for Plaintiff Ricoh Co., Ltd.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December, 2006, I served true and correct copies of the Amended Complaint For Damages And Injunctive Relief For Patent Infringement by electronic and first-class mail to:

Todd G. Smith, Esq.
LaFollette Godfrey & Kahn
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719

e-mail to: *tsmith@gklaw.com*

Ronald Lemieux
Michael Edelman
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, 6th Floor
Palo Alto, CA 94306-2155
e-mail to: *ronlemieux@paulhastings.com*
and *michaeledelman@paulhastings.com*

Alan M. Grimaldi
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004

Steven Yovits
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610

Vincent K. Yip
Peter J. Weid
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
e-mail to: *vincentyip@paulhastings.com*
and *peterwied@paulhastings.com*

Shane A. Brunner
Edward J. Pardon
Michael Best & Friedrich LLP
One South Pinckney Street, Suite 700
Madison, WI 53701

Matthew E. Hocker
Howrey LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303

Copied by electronic mail only to:

Mark C. Hansen (*mhansen@khhte.com*)
Richard H. Stern (*rstern@khhte.com*)
J.C. Rozendaal (*jrozendaal@khhte.com*)
Kellogg, Huber, Hansen, Todd, Evans &
  Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036

Copied by electronic mail only to:

Ivan Kavrukov (*ikavrukov@msn.com*)
Cooper & Dunham LLP
1185 Avenue of the Americas, 23rd Floor
New York, NY 10036

_____
Michael J. Marineau
Legal Assistant
Lathrop & Clark LLP
740 Regent Street, Suite 400
P.O. Box 1507
Madison, WI 53701-1507
*mmarineau@lathropclark.com*

l:\clients\ricocom\1\certificate of mailing 122906mjm.doc