Case: 3:06-cv-00462-bbc   Document #: 85   Filed: 01/08/07   Page 1 of 10

Document Number 85
Case Number 06-C-0462-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
01/08/2007 02:04:06 PM CST

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| RICOH COMPANY, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 06 C 0462 C |
| | § | |
| ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, QUANTA COMPUTER INC., QUANTA STORAGE INC., QUANTA COMPUTER USA, INC., NEW UNIVERSE TECHNOLOGY, INC. AND NU TECHNOLOGY, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| _____ | § | |
| QUANTA STORAGE, INC., | § | |
| Third-Party Plaintiff, | § | |
| v. | § | |
| PHILIPS TAIWAN, LTD., and BUSINESS LINE DATA, PHILIPS OPTICAL STORAGE, | § | |
| Third-Party Defendants. | § | |

PHILIPS TAIWAN, LTD.'S AND BUSINESS LINE DATA, PHILIPS OPTICAL
STORAGE'S ANSWER TO THE THIRD PARTY
<u>COMPLAINT FOR INDEMNIFICATION OF QUANTA STORAGE INC.</u>

Third-Party Defendants Philips Taiwan, Ltd. ("Philips Taiwan") and Business

Line Data, Philips Optical Storage ("POS-BLD") answer the Third Party Complaint for

Indemnification of Quanta Storage Inc. ("QSI") as follows:

## NATURE OF THE ACTION

1. Philips Taiwan and POS-BLD admit the allegations of Paragraph 1 solely insofar as they purport to describe QSI's belief as to the nature of its Complaint, but deny that QSI is entitled to the relief it seeks, as more fully described below.

## THE PARTIES

2. Philips Taiwan and POS-BLD lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore deny those allegations.

3. Philips Taiwan and POS-BLD admit that Philips Taiwan is a corporation organized and existing under the laws of Taiwan with its principal place of business in Taipei, Taiwan. Philips Taiwan and POS-BLD deny the remainder of the allegations of Paragraph 3 of the Complaint.

4. Philips Taiwan and POS-BLD admit that POS-BLD is a group within Philips Taiwan that is not a legal entity. Philips Taiwan and POS-BLD deny the remainder of the allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Philips Taiwan and POS-BLD deny the allegations of Paragraph 5 of the Complaint.

6. For purposes of this action only, and without waiver of the defense of lack of personal jurisdiction in any other context or proceeding, Philips Taiwan and POS-BLD

consent to personal jurisdiction in this action.  Philips Taiwan and POS-BLD deny the allegations in Paragraph 6 of the Complaint.

7.      For purposes of this action only, and without waiver of the defense of lack of personal jurisdiction in any other context or proceeding, Philips Taiwan and POS-BLD consent to personal jurisdiction in this action.  Philips Taiwan and POS-BLD deny the allegations in Paragraph 7 of the Complaint.

8.      For purposes of this action only, and without waiver of the defense of improper venue in any other context or proceeding, Philips Taiwan and POS-BLD consent to venue in this action.  Philips Taiwan and POS-BLD deny the allegations in Paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9.      Philips Taiwan and POS-BLD admit that Exhibit A to the Complaint is a copy of Ricoh's Complaint for Damages and Injunctive Relief for Patent Infringement ("Ricoh's Complaint"), commenced on or about August 24, 2006.  Philips Taiwan and POS-BLD lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint and therefore deny them.

10.     Philips Taiwan and POS-BLD admit that an agreement executed between Philips Taiwan and QSI appears to mutually oblige both parties to be responsible for liability resulting from certain intellectual property claims; however, Philips Taiwan and POS-BLD lack knowledge or information sufficient to form a belief as to the applicability of any part of that agreement to this matter and otherwise lack knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and on that basis, deny those allegations.

11. Philips Taiwan and POS-BLD lack sufficient information to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore deny them.

## ANSWER TO CLAIM ONE

12. Philips Taiwan and POS-BLD incorporate by reference their responses to Paragraphs 1 through 11 of the Complaint.

13. Philips Taiwan and POS-BLD admit the allegations of Paragraph 13 of the Complaint solely insofar as they purport to describe QSI's belief as to the nature of QSI's allegations in the Complaint, but deny that QSI is entitled to the relief it seeks. Philips Taiwan and POS-BLD further admit that they dispute QSI's allegations. Philips Taiwan and POS-BLD lack sufficient information to form a belief as to the truth of the remainder of the allegations of Paragraph 13 of the Complaint and therefore deny them.

14. Philips Taiwan and POS-BLD admit the allegations of Paragraph 14 of the Complaint solely insofar as they purport to describe QSI's belief as to the nature of QSI's allegations in the Complaint, but deny that QSI is entitled to the relief it seeks. Philips Taiwan and POS-BLD further admit that they dispute QSI's allegations. Philips Taiwan and POS-BLD lack sufficient information to form a belief as to the truth of the remainder of the allegations of Paragraph 14 of the Complaint and therefore deny them.

15.     Philips Taiwan and POS-BLD admit the allegations of Paragraph 15 solely insofar as they purport to describe QSI's belief as to the nature of the relief it seeks, but deny that QSI is entitled to the relief it seeks.

### ANSWER TO CLAIM TWO

16.     Philips Taiwan and POS-BLD incorporate by reference their responses to Paragraphs 1 through 15 of the Complaint.

17.     Philips Taiwan and POS-BLD admit that an agreement executed between Philips Taiwan and QSI appears to mutually oblige both parties to be responsible for liability resulting from certain intellectual property claims; however, Philips Taiwan and POS-BLD lack knowledge or information sufficient to form a belief as to the applicability of any part of that agreement to this matter and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and on that basis, deny those allegations.

### AFFIRMATIVE DEFENSES

### Failure to State a Claim

18.     QSI has failed to state a claim against Philips Taiwan and POS-BLD upon which relief may be granted.

### Lack of Subject Matter Jurisdiction

19.     The Court lacks subject matter jurisdiction over the claims asserted in the Complaint.

### Lack of Contractual Indemnification

20. QSI's claims are barred, in whole or in part, because no contractual indemnification exists to the extent QSI's claims extend to QSI products not sold through Philips Taiwan or POS-BLD.

### License

21. Upon information and belief, QSI's claims are barred because any QSI products sold through Philips Taiwan or POS-BLD are licensed under the patents-in-suit and/or are not accused of infringement by the plaintiff.

### Incorporation of all Defenses Asserted by QSI to Ricoh Company's Complaint for Damages and Injunctive Relief for Patent Infringement

22. Philips Taiwan and POS-BLD incorporate herein and adopt all affirmative defenses raised by QSI to the allegations contained in Ricoh Company, Ltd.'s Complaint for Damages and Injunctive Relief for Patent Infringement.

### PRAYER FOR RELIEF

WHEREFORE, Philips Taiwan and POS-BLD pray for judgment as follows:

1. That QSI take nothing by its Complaint, and that the same be dismissed with prejudice;

2. That the Court determine that Philips Taiwan and POS-BLD are not responsible or liable for the damages alleged by Ricoh, if any are found to exist;

3. That the Court determine that neither Philips Taiwan nor POS-BLD is obligated to defend QSI or indemnify QSI, in whole or in part, for any sums resulting from settlement, judgment, or other awards;

4. That the Court determine that this case is exceptional under 35 U.S.C. § 285 and award to Philips Taiwan and POS-BLD their reasonable attorneys' fees and costs;

5. For all remedies allowable under the law of Taiwan; and

6. For such other and further relief as the Court may deem just and proper.

Dated: January 8, 2007                    Respectfully submitted,

**MICHAEL BEST & FRIEDRICH LLP**

By: /s/ Edward J. Pardon

Shane A. Brunner
Edward J. Pardon
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, WI 53701
Telephone: (608) 257-3501
Facsimile: (608) 283-2275


**OF COUNSEL:**

**HOWREY LLP**

Alan M Grimaldi
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 383-6989
Facsimile: (202) 383-6610

Matthew E. Hocker
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Telephone: (650) 798-3520
Facsimile: (650) 798-3600

Steven Yovits
HOWREY LLP
321 North Clark Street, Suite 3400
Chicago, IL 60610
Telephone: (312) 595-1239
Facsimile: (312) 595-2250

*Attorneys for Third-Party Defendants Philips Taiwan, Ltd. and Business Line Data, Philips Optical Storage*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2007, I served a true and correct copy of the foregoing PHILIPS TAIWAN, LTD.'S AND BUSINESS LINE DATA, PHILIPS OPTICAL STORAGE'S ANSWER TO THE THIRD PARTY COMPLAINT FOR INDEMNIFICATION OF QUANTA STORAGE INC. on the following individuals via electronic mail:

Counsel for Ricoh Company, Ltd.:

Kenneth B. Axe (kaxe@lathropclark.com)
Lathrop & Clark LLP
740 Regent St., Suite 400
P.O. Box 1507
Madison, WI  53701
Tel:  608-257-7766
Fax:  608-257-1507

Mark C. Hansen (mhansen@khhte.com)
Richard H. Stern (rstern@khhte.com)
J.C. Rozendaal (jrozendaal@khhte.com)
Michael E. Joffre (mjoffre@khhte.com)
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.
Sumner Square
1615 M St., N.W., Suite 400
Washington, DC  20036
Tel:  202-326-7900
Fax:  202-326-7999

Ivan Kavrukov (ikavrukov@cooperdunham.com; kavrukov@msn.com)
Cooper & Dunham LLP
1185 Avenue of the Americas, 23rd Floor
New York, NY  10036
Tel:  212-278-0400
Fax:  212-391-0525

<u>Counsel for Quanta Computer Inc., Quanta Storage Inc., Quanta Computer USA, Inc., and Nu Technology, Inc.:</u>

Vincent K. Yip (vincentyip@paulhastings.com)
Terry D. Garnett (terrygarnett@paulhastings.com)
Peter J. Wied (peterwied@paulhastings.com)
Paul, Hastings, Janofsky & Walker LLP
515 S. Flower St., 25th Floor
Los Angeles, CA  90071
Tel:  213-683-6000
Fax:  213-627-0705

<u>Counsel for Asustek Computer Inc. and Asus Computer International:</u>

Ronald S. Lemieux (ronlemieux@paulhastings.com)
Michael N. Edelman (michaeledelman@paulhastings.com)
Vid R. Bhakar (vidbhakar@paulhastings.com)
Robert C. Matz (robertmatz@paulhastings.com)
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square, 6th Floor
Palo Alto, CA  94306
Tel:  650-320-1800
Fax:  650-320-1900

<u>Counsel for Asustek Computer Inc., Asus Computer International, Quanta Computer Inc., Quanta Storage Inc., Quanta Computer USA, Inc., and NU Technology, Inc.:</u>

Todd G. Smith (tsmith@gklaw.com)
LaFollette Godfrey & Kahn
One East Main St.
P.O. Box 2719
Madison, WI  53701
Tel:  608-284-2653
Fax:  608-257-0609


/s/ Susan Bunge