IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICOH COMPANY, LTD.,

                                 ORDER

              Plaintiff,

                             06-cv-462-bbc

     v.

QUANTA COMPUTER, INC.,
QUANTA STORAGE, INC. and
QUANTA COMPUTER USA, INC.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff has filed a motion for reconsideration of an order granting in part defendants' motion in limine to prohibit plaintiff's expert T.E. Schlesinger from testifying about matters beyond the scope of his initial report. Dkt. #440. In particular, plaintiff challenges the ruling that Schlesinger "may not testify about hardware or software that he discussed for this first time in his October 2009 supplemental report." Dkt. #435, at 5. (I denied the motion with respect to the testing of several "new" accused products because plaintiff represented that many of those new models existed even before the appeal and the models that were new operated in exactly the same manner as the old ones.) Plaintiff advances two reasons in support of its position: (1) the new evidence "goes to the precise

1

question the Federal Circuit recognized as one of first impression and on which it remanded

for further proceedings"; and (2) defendants have not shown prejudice.

Plaintiff's reliance on the Federal Circuit's opinion misses the point.   Limited new

discovery after a remand may be appropriate in many instances to address new issues

identified by the court of appeals.  Had plaintiff asked for permission to file a new expert

report as soon as the case was remanded, it is likely that I would have granted the request.

However, plaintiff never sought permission to file a new report.  In fact, it told this court and

defendants that it was ready for trial right away.

Even before the court of appeals issued the mandate, plaintiff asked the court to set

the case for trial "as soon as possible."  Dkt. #311, at 3.  Plaintiff did not suggest that it

needed time to prepare new expert reports or conduct any other discovery.  Instead, plaintiff

made a strong case for its view that further proceedings would be a waste of time:

> This matter is ready for trial. The parties were making final
> preparations for trial when the Court issued its decision dismissing the case.
> The main discovery left to be completed was deposition of the damages
> experts. The Court dismissed the case just six weeks before trial and ten days
> before the discovery cutoff. **The court of appeals' decision did not create
> any need for further discovery on remand.** Quanta's defenses were fully
> explored and briefed before summary judgment was granted.

Id. (emphasis added).  Plaintiff's argument that it will be "severely prejudiced" if it cannot

introduce the new evidence is contradicted by its previous representation.  Plaintiff cannot

say, when it is trying to avoid another round of summary judgment, that the court of

2

appeals' decision changed nothing when and then say just before trial that the decision changed everything.

Plaintiff argues that its October 2009 expert report was timely because an order from the magistrate judge implicitly wiped away all previous deadlines set by the court. Plaintiff relies on two sentences in the magistrate judge's amended scheduling order: "The parties agreed that they would meet and confer about how and when to conduct any close-out discovery, and the exchange of Rule 26(a)(3) materials in anticipation of trial. The parties' initial submissions for the final pretrial conference are due October 9, 2009." Dkt. #316, at 1.

Plaintiff's reading of the order is unreasonable. The magistrate judge did not change any deadlines, except for materials related to the final pretrial conference. If anything, the order confirms the view stated originally by plaintiff that little discovery was needed. In any event, the order makes it clear that the parties would have to *agree* on any additional discovery or other new matters that might arise before trial. Of course, defendants did not agree to the new report. Plaintiff blames defendants for refusing to submit to its request to supplement beginning on July 31, 2009, but that blame is misplaced. If plaintiff discovered that its original representation was erroneous and it needed a new report after all, it should have sought relief from the court immediately if it could not obtain a stipulation from defendants. Its failure to do so is inexplicable.

Instead of seeking permission from the court, plaintiff waited until a month before trial to file its report, almost ten months after the court of appeals' decision and more than seven months after the court remanded the case.  Plaintiff has no excuse for such a delay. Moreover, I disagree with plaintiff's argument that allowing Dr. Schlesinger to testify about these matters would not be prejudicial to defendants.  However plaintiff tries to characterize them, they are new opinions that defendants have not had the opportunity to rebut. Although plaintiff says that it offered to make Dr. Schlesinger available for deposition, such an offer is cold comfort in the few weeks before a potentially long and complicated trial, when every moment counts.  No party should not be expected to drop everything in order to accommodate a tardy request from the other side to present new evidence.


ORDER

IT IS ORDERED that plaintiff Ricoh Company, Ltd's motion for reconsideration, dkt. #440, is DENIED.

Entered this 9th day of November, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4