IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICOH COMPANY, LTD.,

                                                                        ORDER

                 Plaintiff,

                                                                        06-cv-462-bbc

     v.

QUANTA COMPUTER INC. and
QUANTA STORAGE INC.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     The parties have asked the court to advise them whether plaintiff can put on evidence of willfulness during the damages phase of the trial in this case. Defendants maintain that plaintiff did not allege it sufficiently in its complaint, but I find that its allegations, although cursory, were sufficient to give defendants notice of the claim.

     The bigger question is whether plaintiff has grounds for its claim. At summary judgment, I held that the question of infringement of the two remaining patents was a matter of genuine dispute, but I found that plaintiff had failed to show that defendants had engaged in acts violating 35 U.S.C. § 271 (active inducement of infringement or contributory infringement) with respect to either the '755 or the '552 patent.

1

On appeal, the Court of Appeals for the Federal Circuit reversed this court's decision with respect to the acts of contributory infringement or inducement of infringement. In doing so, however, it noted that the case "presents an important, and previously unresolved, question concerning the scope of liability for contributory infringement." Ricoh Company, Ltd. v. Quanta Computer Inc., 550 F.3d 1325, 1336 (Fed. Cir. 2008).

In light of the closeness of the questions at issue in this case, I conclude that plaintiff cannot meet the high standard of showing willful infringement by clear and convincing evidence. To do so, plaintiff would have to prove, among other things, that defendants acted despite an objectively high likelihood that their actions constituted infringement of a valid patent. In re Seagate Technology, Inc., 497 F.3d 1360, 1371 (Fed. Cir. 2007). There can be no "objectively high likelihood" when a question of infringement or invalidity involves reasonable differences of opinion or close questions, as the court of appeals has made clear in recent cases. E.g., DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 567 F.3d 1314, 1337 (Fed. Cir. 2009) (where question of equivalence was close one, there can be no "objectively high likelihood" of infringement); Cohesive Technologies, Inc. v. Waters Corp., 543 F.3d 1351, 1374 (Fed. Cir. 2008) (denying willfulness in case in which claim construction was susceptible to reasonable construction that would have led to finding of noninfringement).

I add that in reaching this conclusion I have not taken into account plaintiff's

allegation that defendants never consulted counsel before acting as they did. Whether they did or not is irrelevant to determining reckless disregard for plaintiff's rights. <u>Knorr-Bremse Systeme Fuer Nutzfahrzeuge v. Dana</u>, 383 F.3d 1337, 1345 (Fed. Cir. 2004) (with respect to willful infringement, no adverse inference is to be drawn from accused infringer's failure to obtain legal advice).

## ORDER

IT IS ORDERED that plaintiff Ricoh Company is barred as a matter of law from introducing evidence of willful infringement during the damages phase of the trial.

Entered this 18th day of November, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge